## The North American Railway Construction Company v. George Patry.

### No. 746.*   (61 Pac. 871.)

1. **Action**— *Several Defendants— Separate Trial—Discretion of Court.* Section 268 of the code (Gen. Stat. 1897, ch. 95, § 278; Gen. Stat. 1899, § 4531), providing for a separate trial between the plaintiff and any one or all of the several defendants, is permissive and not mandatory; it is entirely within the discretion of the trial court to allow or refuse a severance; and the action of the court in that regard will not be reversed unless it clearly appears that the court abused its discretion.

2. ———— *Joint and Several Liability— Demurrer.* Where P. brings an action against R. C. and C. C. for personal injuries alleged to have been caused by the concurrent wrongful acts, negligence and carelessness of the defendants, the action is joint and several; the defendant C. C. has has no just cause of complaint that the court sustained the demurrer of R. C. to the evidence.

3. **Negligence**—*Employer and Employee — Extrahazardous Service.* An employer in every instance is under legal obligation to use ordinary care to prevent injury to his employees while engaged in extrahazardous work.

Error from Wyandotte district court; Henry L. Alden, judge. Opinion filed July 11, 1900. Affirmed.

### STATEMENT.

This action was brought in the trial court by George Patry as plaintiff against the North American Railway Construction Company, a corporation, and the Metropolitan Street Railway Company, a corporation, for damages sustained on account of personal injuries. The defendants filed separate answers. The North American Railway Construction Company answered: (1) A general denial; (2) contributory negligence; (3) that the plaintiff assumed as one of the incidents of the service whatever risk there was

---

*Petition for order to certify denied by supreme court August 14, 1900.— Rep.

(incident to the performance of his duties; and (4 that the accident which caused the injury was due to the act of a fellow-servant. The Metropolitan Street Railway Company answered: (1) A general denial; (2) contributory negligence; and (3) that if the plaintiff received any injury such injury was caused by the carelessness and negligence of plaintiff's coemployees. The plaintiff's reply to each of the answers was a general denial.

The case was called for trial on March 16, 1899, at which time, before the jury was impaneled, the Metropolitan Street Railway Company requested that a severance of the cases be granted as between the two defendants; that defendant railway company be granted a separate trial, for the reason that the acts of negligence charged against it are not the same acts as charged against the defendant construction company; because the interests of the two defendants are not identical, but are opposite; because it would be prejudicial to the rights of the railway company to try the case in conjunction with its codefendant, and because, under the pleadings, the railway company should have a separate trial. This request was refused. The construction company also made a similar request on the same grounds, which was refused. The defendants excepted to the ruling of the court.

A jury was impaneled. The plaintiff, in his opening statement to the jury, read the petition as a part of his statement. At the conclusion of this statement, the construction company objected to the introduction of any evidence under the petition, for the reason that plaintiff's statement shows that it was absolutely necessary to start the wagon; that the wagon barely left the track in time to escape being struck; and that the injury was caused by the negli-

gence of the railway company and not by the construction company. The objection was overruled, and the defendant excepted.

At the conclusion of the evidence the railway company interposed a demurrer, which was sustained, and judgment was rendered in its favor. Thereafter the plaintiff introduced additional evidence and rested; whereupon the construction company demurred, which demurrer was overruled. The trial proceeded, and a verdict was returned for plaintiff below, upon which judgment was rendered. The defendant construction company, as plaintiff in error, presents the record to this court, asks a reversal of the judgment, and assigns error in the proceedings of the trial court, as follows : 1. In refusing the defendant a separate trial. 2. In sustaining the railway company's demurrer to the evidence. · 3. In overruling the defendant's objection to the introduction of any evidence. 4. In excluding evidence offered by the defendant. 5. In overruling the defendant's demurrer to the evidence. 6. In refusing instructions asked by defendant. 7. In instructing the jury. 8. In refusing to permit counsel for defendant to comment on the allegations of the petition. 9. In refusing to permit defendant's attorney to read to the jury plaintiff's amended petition and comment thereon. 10. In overruling defendant's motion for a new trial.

*Amos H. Kagy*, and *Hutchings & Keplinger*, for plaintiff in error.

*Alden, McFadden & Alden*, for defendant in error.

The opinion of the court was delivered by

McELROY, J. : I. That the court erred in refusing the plaintiff in error a separate trial. Section 268 of

the  code  (Gen.  Stat.  1897,  ch.  95,  § 278 ;  Gen.  Stat.
1899,  § 4531)  provides :  "A  separate  trial  between
the plaintiff  and  any one or all of  several defendants
may  be  allowed  by  the  court  whenever  justice will
thereby be promoted."    An examination of the plead-
ings and record in the  case at bar leads us to the con-
clusion that this case was one in which it would have
been  perfectly proper  for  the court  to grant the re-
quest for a  severance and separate trial.    However,
the language of  the statute in question is permissive
and not mandatory.    We think it is a matter entirely
within the  discretion of  the trial  court  to  allow  a
severance when  in  its  judgment  it will  result in the
promotion  of justice.    The  court committed no  re-
versible error in  denying  the request  for  a separate
trial.

II.   That the court erred in sustaining the demurrer
of the  Metropolitan  company.    The  plaintiff,  under
the allegations of his petition, had a right to proceed
against either of the defendants separately, or against
them jointly.    We  are  unable to understand how the
action  of the court in  sustaining the demurrer of the
railway company could directly concern the construc-
tion company ;  the  case against the latter must suc-
ceed or fail  upon  the merits of  the case as presented
to  the court and  jury.    If the pleadings,  evidence
and  the law authorize a  recovery  as against it,  such
recovery was inevitable and would accrue to the plain-
tiff.    This  contention is  argued  by  the plaintiff in
error upon the presumption that this court must as-
sume that the jury, when the railway company was
out of the case, acted under the influence of preju-
dice and passion.    No such presumption would nec-
essarily follow.    The defense of each defendant was
separate, individual, and independent, and in no man-

ner dependent upon that of the other codefendant. The defense of the construction company was not in any manner dependent upon the defense or rights of its codefendant.   Under the law and the instructions of the court, the plaintiff was required, before he could recover, to establish his case to the satisfaction of the jury by a preponderance of the evidence.   The action of the court in this regard is not a matter of which plaintiff in error can complain as a matter of right.

III.  That the court erred in overruling the plaintiff in error's objection to the introduction of evidence and demurrer to the evidence.   The plaintiff's petition stated a cause of action against the construction company ; at least, there is no fatal omission pointed out. By the testimony offered by plaintiff at the trial, he made a *prima facie* showing for a recovery.   The objection to the introduction of any evidence and the demurrer thereto were properly overruled.

IV.  That the court erred in rejecting competent testimony offered by defendant upon the trial.   The contention here is that certain questions propounded to various witnesses should have been answered, as tending to show it was the rule and custom for the driver not to start the team until notified by the men on the tower wagon.   Such rule or custom could not, in any event, answer the charges of negligence or carelessness alleged in the petition or shown by the evidence.   We think the court properly excluded the testimony.

V.  That the court erred in refusing instructions asked by the plaintiff in error, defendant below. These instructions were drawn and requested upon the theory of the defendant that it could not be said as a matter of law that the construction company was under any legal obligation to use any precaution

whatever to prevent the railway company from running its cars against the tower wagon upon which plaintiff was working. Whatever may have been the obligation of the railway company, the defendant construction company was also, in every instance, under obligation to use ordinary care to prevent injury to its employees while engaged in an extra-hazardous work. The plaintiff was required in his employment to stand upon a tower wagon about twenty feet high upon the track of the railway company while performing his work. The construction company, in whose employ he was performing these services, was certainly under obligation to use ordinary care in protecting him from injury. The tower wagon at least should have been protected, so that it would not become necessary to remove the same while he was occupied in his work, without notice or warning. The railway company was using its track, and the tower wagon had to be removed every few minutes to allow the cars to pass. The plaintiff, if he had given attention to the movement of the cars, could have accomplished little, if any, service for his principal. It was evident, from the very nature of his work, that the plaintiff was not expected to keep a lookout for the movement of the tower wagon. These instructions were properly refused.

VI. That the court erred in instructing the jury. Herein complaint is made particularly as to the ninth and tenth instructions submitted by the court. These instructions were not necessarily misleading, in view of the completeness of the instructions as a whole.

The next assignment of error is based upon the same ruling of the trial court.

VII. That the court erred in refusing to permit counsel in his argument to the jury to comment upon

the allegations of the petition—that is, all that portion of the petition which sets forth the averments of plaintiff as against the railway company.   After the demurrer of that defendant was sustained, it was out of the case ; the averments and allegations of the petition as against it would certainly be immaterial in the determination of the rights of the other parties. The pleadings are not a part of the evidence unless offered and introduced as any other matters are brought before the court and jury.   The court committed no error in this respect.

There is nothing presented in the argument as to the overruling of the defendant's motion for a new trial, except what has already been noted.   The motion for a new trial was, therefore, properly overruled. The judgment must be affirmed.